APPLETON DADMUN *vs.* EDWARD LAMSON.

A mortgagee of land who is disseised cannot make a valid assignment of his mortgage.

THREE actions of tort in the nature of trespass *quare clausum.* The cases were tried together in the superior court, before *Brigham,* J., without a jury, and the following facts were proved:

In the spring of 1860, Calvin Greenleaf owned the premises, subject to a mortgage for less than their value, with a power of sale, and then proposed to his brother, Silas S. Greenleaf, that the latter should redeem the land. Silas agreed to do so, and entered into possession, which he retained until the spring of 1861, making extensive repairs and improvements thereon. In July 1860 the premises were sold to Daniel Pope, under the power of sale contained in the mortgage; and Pope assented to the occupation of the premises by Silas Greenleaf. In the spring of 1861 Calvin Greenleaf proposed to Silas that he would purchase the farm himself, to which Silas assented, with the understanding that he should be reimbursed for the sums

expended by him for repairs and improvements. On the 16th of May 1861 Pope conveyed the premises to Calvin Greenleaf, taking back a mortgage thereof, to secure $900; on the same day Calvin entered into possession, and no provision was made for the reimbursement to Silas of the sums expended by him. Silas, upon ascertaining the facts, took forcible possession of the premises, and expelled Calvin with his family and cattle therefrom, declaring to him that he should hold possession against all the world, until he should be paid the cost of the repairs, and denying the validity of the mortgage by Calvin to Pope; and remained in possession until 1863, when the defendant, his son-in-law, entered into the occupation thereof, under his direction. These facts were known to Pope. On the 26th of June 1861 Calvin executed a mortgage of the premises to one Sawyer, who assigned the same to Silas on the 6th of August 1862. Subsequently to the execution of this mortgage, and before the bringing of these actions, the plaintiff became the owner of the equity of redemption of Calvin, by seizure and sale upon an execution, and by a deed of quitclaim from Calvin to him. On the 14th of March 1863 Pope assigned his mortgage from Calvin to the plaintiff, who on the 13th of April 1863 did certain acts, for the purpose of taking possession, in presence of Calvin Greenleaf and one Wheeler, a son-in-law of said Calvin. The validity of these acts for this purpose was in question, and is not now material. The writs were dated, respectively, on the 22d and 29th of April and the 8th of May 1863. The plaintiff holds the premises under an agreement between him and Calvin that the latter may redeem them.

The condition of the mortgage from Calvin Greenleaf to Pope provided that if the mortgagor should pay to the mortgagee " nine hundred dollars, as follows, three hundred dollars in one year .. . . . . three hundred dollars in two years, . . . . . and three hundred dollars in three years," with interest, then " this deed, as also three certain notes bearing even date with these presents . . . . . shall be void." Calvin Greenleaf, however, did not sign three notes such as are described in the above condition, but at or about the time of the delivery of the

mortgage payments were made which reduced the mortgage debt to $625, for which amount two notes of different dates were le-livered to Pope in lieu of those described in the mortgage.

During the trial the judge, against the defendant's objection, ruled that Calvin Greenleaf was a competent witness to the plaintiff's entry upon the premises, although interested, and admitted evidence of the circumstances attending the making of such entry; and also admitted evidence to prove that the notes above described, for $625, were given for a part of the $900 named in the mortgage from Calvin Greenleaf to Pope. ·

The judge found for the plaintiff in each action; and the defendant alleged exceptions.

*F. H. Dewey*, for the defendant.

*P. E. Aldrich*, for the plaintiff.

Bigelow, C. J. It seems to us that the plaintiff failed to prove at the trial any right of property or possession in the premises in controversy. So far as his alleged title rests on the assignment of the mortgage from Calvin Greenleaf to Pope, it is open to the objection that at the time of the transfer the mortgagee was disseised and could convey no title. The evidence of disseisin, as stated in the exceptions, is plenary. It not only appears that Silas S. Greenleaf, under whom the defendant occupied the premises, entered thereon in May or June 1861, and expelled therefrom the mortgagor with his family and cattle, declaring that he should hold possession of the farm against all the world, since which time he and the defendant under him have continued to occupy and improve the premises, but it is also proved that at the time of such entry it was the intent of said Silas to disseise Pope, the mortgagee, inasmuch as he accompanied his entry upon the farm and the expulsion of the mortgagor with a distinct declaration that he denied the validity of the mortgage. This denial was made known to the mortgagee at the time of the entry, and has been persisted in by the disseisor down to the time of the bringing of these actions. It is difficult to see how the evidence of ouster and disseisin, both of the mortgagor and mortgagee, could be more clearly established.

That a mortgagee may be disseised by a stranger is too clear to admit of doubt. In *Poignand* v. *Smith*, 8 Pick. 272, it was held that when land is mortgaged, a person who, by taking pos-session of it, disseises the mortgagor, disseises also the mort-gagee, and so long as the disseisor is in possession the deed of the mortgagee will not pass his interest in the land. In that case the evidence of disseisin was much less decisive than in the case at bar. There was no proof of any intent to disseise the mortgagee, or of any denial of his title. It was urged by the counsel for the demandant in that case, not only that a mort-gagee before actual entry could not be disseised, but that no disseisin could take place without actual notice to him. But it was held that no such notice was necessary, and that an ex-clusive and adverse occupation of the estate under a claim of title would operate to disseise both mortgagor and mortgagee. Without affirming this doctrine to its full extent, it is sufficient to say that the facts proved at the trial of this case bring it within the more restricted rule, as stated in *Hunt* v. *Hunt*, 14 Pick. 385. "A mortgagee as well as mortgagor may be disseised by a stranger. But it must be by an actual ouster and exclu-sive occupation." Silas S. Greenleaf, the disseisor, was a stranger to the title. He did not claim to hold either under the mortgagor or mortgagee, but adversely to both of them; the ouster and exclusive possession were clearly shown, and more-over it was proved that notice of the dispossession and of the adverse claims of the disseisor was brought home to the mortgagee.

The doctrine that a disseisee, without entry and delivery of the deed on the land, cannot convey any title which will be valid as against the disseisor, is too well settled and has been too often recognized by this court to be now called in question. *Brinley* v. *Whiting*, 5 Pick. 348. *Boston & Worcester Railroad* v. *Sparhawk*, 5 Met. 469. *Foster* v. *Abbott*, 8 Met. 596. *Barry* v. *Adams*, 3 Allen, 493. 4 Dane Ab. 6, 15, 25, 26. The policy of the common law has been from an early period to restrain and prohibit the conveyance of land by one who is not in actual seisin and possession thereof. Inasmuch as such person has

only a right of entry, a transfer by him tends to violate the laws against champerty and maintenance, and the purchase and sale of pretended and disputed titles. Whether this ancient rule of law is consistent with the present mode of transfer of title to real property, and is well adapted to the condition and wants of the community, is a question for the legislative branch of the government. While the rule continues in force, it is the duty of courts to recognize and apply it.

The only other claim of title or right of possession which the plaintiff set up at the trial was that which he attempted to acquire by the attachment and seizure on execution in his favor of the right of Calvin Greenleaf to redeem the premises in controversy. But this cannot avail the plaintiff in these actions. By his attachment and sale of the right in equity and the sheriff's deed to him, he acquired only the right of redemption of the debtor. This gave him no right to enter on the premises as against the defendant, who held a mortgage of the estate made by the debtor to one Sawyer, and by him assigned to the defendant.

In the view which we have taken of the plaintiff's title, it seems to be clear that he cannot maintain these actions. Upon a new trial he may be able to change the aspect of the evidence relating to the disseisin of the first mortgagee. Unless he can do so, the other questions raised at the trial will be immaterial. We are, however, unable to see that any of the rulings of the court upon the competency of evidence were in any respect incorrect. *Exceptions sustained.*